# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

| | |
|---|---|
| BRIAN R. KUTACH | PLAINTIFF |
| V. NO. 4:18CV00213 JLH-JTR | |
| NANCY A. BERRYHILL,<br>Deputy Commissioner for Operations,<br>performing the duties and functions not reserved<br>to the Commissioner of Social Security | DEFENDANT |

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge J. Leon Holmes. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I.  Introduction:**

Plaintiff, Brian R. Kutach ("Kutach"), applied for disability benefits on December 7, 2015, alleging disability beginning on October 12, 2011. (Tr. at 15). After conducting a hearing, the Administrative Law Judge ("ALJ") denied his application. (Tr. at 24). The Appeals Council denied his request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Commissioner's decision should be affirmed.

## II. The Commissioner's Decision:

The ALJ found that Kutach had not engaged in substantial gainful activity from the amended alleged onset date of July 19, 2014 through the date last insured of December 31, 2016.[1] (Tr. at 17). At Step Two, the ALJ found that Kutach has the following severe impairments: gouty arthropathy with some degenerative joint disease of the knees, diabetes mellitus with neuropathy, hypertension, history of pancreatitis without evidence of complication, and morbid obesity. *Id.*

After finding that Kutach's impairment did not meet or equal a listed impairment (Tr. at 18), the ALJ determined that Kutach had the residual functional capacity ("RFC") to perform the full range of light work, except that he could only occasionally climb, balance, stoop, kneel, crouch, and crawl. (Tr. at 19).

The ALJ found that, based on his RFC, Kutach was able to perform past relevant work as a paper machine supervisor. (Tr. at 24). Thus, the ALJ found that Kutach was not disabled. *Id*.

## III. Discussion:

A.  Standard of Review

The Court's function on review is to determine whether the Commissioner's

---

[1] At the hearing, Kutach's attorney amended the alleged onset date to July 19, 2014. (Tr. at 15).

decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477.

B. Kutach's Arguments on Appeal

Kutach contends that substantial evidence does not support the ALJ's decision to deny benefits. He argues that: (1) the ALJ did not fully develop the record; (2) the ALJ did not give proper weight to doctors' opinions; (3) the credibility analysis was

3

flawed; and (4) the VE's analysis of past relevant work was incomplete. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Kutach had poorly controlled diabetes. He took Metformin and insulin for his condition. (Tr. at 303, 338). Notably, on numerous occasions, Kutach was counseled to exercise and lose weight to manage his diabetes. (Tr. at 303, 388). He was urged to limit carbohydrates. (Tr. at 322). A physician's recommendation to exercise suggests that a claimant has an increased functional capacity. *See Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009). Certainly, medications can be effective, but they must be used in conjunction with a healthy lifestyle; however, Kutach was still morbidly obese at the end of the relevant time-period. (Tr. at 22). Moreover, Kutach did not require inpatient hospitalization for complications from diabetes.

Kutach also had chronic knee pain from gouty arthritis. He took Allopurinol. (Tr. at 284). Dr. Ted Honghiran, M.D., conducted a physical examination in March 2014. (Tr. at 284-286). Kutach could get up on his heels and toes, dress and undress himself, and get on and off of the examination table. (Tr. at 284-285). He had nearly complete range of motion in both knees. *Id.* X-rays of the knees were normal with only minimal evidence of arthritis. (Tr. at 285). Dr Honghiran thought Kutach's prognosis was good. *Id*. He said the gout could be controlled with medication, and

Kutach said that Allopurinol relieved gout pain. *Id*. Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000).

Dr. Honghiran also discussed Kutach's pancreatitis. Kutach was hospitalized for acute pancreatitis in 2011 and 2012. (Tr. at 433-452). But Kutach testified that 2012 was his last hospitalization. (Tr. at 21, 47). Dr. Honghiran said that pancreatitis would cause sickness "once in a while" and indeed, there is little report of treatment during the relevant time-period. (Tr. at 285). Dr. Honghiran then contradicted himself when he said that pancreatitis would be a main factor in preventing Kutach from holding a job. *Id*. Dr. Honghiran did not refer to any objective testing to support that opinion. *See Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005)("physician opinions that are internally inconsistent . . . are entitled to less deference than they would receive in the absence of inconsistencies.")

Dr. Garry Stewart, M.D., performed a consultative examination in February 2016. He found normal neurological and limb functions. (Tr. at 379). He found negative straight-leg raise and no muscle atrophy or weakness. *Id*. He found no limitation in Kutach's ability to walk, stand, sit, lift, or carry. (Tr. at 380).

Kutach finds fault with the weight the ALJ assigned to the doctors' opinions. He gave partial weight to Dr. Honghiran's opinion, finding the gout impression

5

consistent with the evidence; but the ALJ then found that the evidence did not support the finding that Kutach could not work due to pancreatitis (no recent treatment, no hospitalizations in the relevant time-period). (Tr. at 23). The ALJ gave little weight to Dr. Stewart's opinion because Kutach's impairments did somewhat limit his abilities and would therefore limit him to light work. The light work requirement was even more restrictive that the state-agency doctors' assignment to medium work. (Tr. at 96, 112). The ALJ gave proper weight to the opinions that were supported by the medical evidence, crediting some of Kutach's complaints.

There were plenty of medical opinions in the record, and the ALJ was not required to obtain further examinations. An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id.* The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). In this medical record, there was no issue in conflict or inadequately developed. It was Kutach's duty to put forward his strongest case, and when the ALJ asked Kutach's attorney at the hearing if she had anything further to present, she said no. (Tr. at 52).

6

The ALJ did not need to search for extra medical opinions when he had three already in the record, and he did not fail in developing the record.

Kutach claims that the ALJ did not properly evaluate his credibility. Social Security Ruling 16-3p, 2016 SSR LEXIS 4 ("SSR 16-3p"), removed the word "credibility" from the analysis of a claimant's subjective complaints, replacing it with "consistency" of a claimant's allegations with other evidence. SSR 16-3p became effective on March 28, 2016, and the underlying analysis incorporates the familiar factors that were in place prior to the new ruling. *Martsolf v. Colvin*, No. 6: 16-cv-00348-NKL, 2017 U.S. Dist. LEXIS 2748 (W.D. Mo. Jan. 9, 2017). The ALJ must still give consideration to all of the evidence presented relating to subjective complaints, including: 1) prior work record; 2) the claimant's daily activities; 2) the duration, frequency, and intensity of pain; 3) precipitating and aggravating factors; 4) dosage, effectiveness and side effects of medication; and 5) functional restrictions. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir. 1984).

The ALJ discussed Kutach's ability to do things like handle personal care, do light household chores, drive, feed his pets, and get the mail. (Tr. at 44-45, 226-229). Such daily activities undermine his claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). The ALJ also addressed the mild objective findings and positive response to treatment. (Tr. at 22, 285). And he noted that Kutach had ceased

working for reasons other than disability. (Tr. at 23). The ALJ properly found that Kutach's subjective complaints were not entirely consistent with the record.

Finally, the ALJ relied on VE testimony at Step Four to find Kutach could return to past relevant work. (Tr. at 24). Kutach claimed that he did not even address the stress level at his past job, which he now says should have been discussed. However, it was his burden to show he could not perform past relevant work. And the ALJ cannot be responsible for guessing about the claimant's omissions in testimony. Also, stress level relates to mental impairments, and no doctor opined that Kutach had mental impairments. The ALJ fulfilled his duty at Step Four.

**IV. Conclusion:**

There is substantial evidence to support the Commissioner's decision that Kutach was not disabled. The record was fully developed, the ALJ gave proper weight to the medical opinions, the credibility analysis was complete, and the ALJ did not err at Step Four.

IT IS THEREFORE RECOMMENDED that the Commissioner's decision be AFFIRMED and that the case be DISMISSED, with prejudice.

DATED this 12th day of February, 2019.

_____
UNITED STATES MAGISTRATE JUDGE